[Civ. No. 6329. First Appellate District, Division Two.—June 13, 1928.]

GUTLEBEN BROTHERS (a Corporation), Respondent, v. GILBERT F. STEVENSON, Appellant.

Robert Young for Appellant.

Paul Barksdale D'Orr and A. G. Kazebeer for Respondent.

STURTEVANT, J.—The defendant is the owner of the Hotel Miramar Annex at Santa Monica. Before building the hotel he employed an architect to draw plans and prepare specifications. Afterwards he engaged the plaintiff as manager and superintendent to build the building. A written contract was drawn up, executed, and recorded. By the terms of the written contract the plaintiff undertook to superintend all of the building, etc., to make bimonthly statements of his transactions, to pay the bills, and thereafter to submit the vouchers to the owner. All of these things were done and the record presents no question on the subject. The plaintiff agreed that the building would not cost in excess of $428,686. It was also agreed that changes might be made when "authorized by a written order from said architect." It was further agreed that the compensation of the plaintiff would be $24,000, "that should the architect at any time during the progress of the work require and order any alterations, deviations from, additions to, or omissions from the work shown in said plans and specifications, the same shall in no way injuriously affect or make void this contract, but the difference in value for work or materials omitted shall be deducted from the aggregate total of said contractor's estimate by a fair and reasonable valuation, and said estimate shall be deemed to be modified accordingly; and the value of any additional work or materials required shall be agreed upon between the contractor and the architect before such additional work or material is furnished, and the agreed value thereof shall be added to the aggregate total of said contractor's estimate by a fair and reasonable valuation, and said estimate shall be deemed to be modified accordingly. Such agreement for omissions from or additions to the work shall state also any change in the time of completion as herein set forth which is to be granted by reason thereof. The contractor further agrees that any excess of said cost over the contractor's estimate up to the amount of half of the total compensation to be paid the contractor shall be charged to and be borne by the contractor and offset against the final payment of the con-

tractor's compensation hereinabove referred to." Numerous changes were made. Some of the changes constituted omissions and some were additions. At no time did the architect issue a written order, but the orders were all oral and at no time did the architect and the contractor agree on the valuation of an item to be omitted or the valuation of an addition to be made. At no time did they agree on the allowance to be made for the performance of the change so ordered. The contract contained a provision that the building should be completed by May 15, 1924, and for certain penalties if the building was not completed within that time. It also provided for a bonus in favor of the contractor for each day if the building was completed before May 15, 1924. All payments were made by the owner down to the date that the last payment fell due. At that time a dispute arose as to what was the liability of the owner. As the parties failed to agree the plaintiff commenced this action a short time after the owner had recorded the notice of completion.

The plaintiff pleaded his case in three different counts: (1) On the contract for the balance of the agreed price stated in the contract; (2) for moneys laid out and expended, and (3) for the reasonable value of services performed and material furnished. The defendant answered and a trial was had in the trial court before the court sitting with a jury. The jury returned a verdict in favor of the plaintiff in the sum of $27,103.60. That amount included $16,000 of the $24,000 alleged to be unpaid, and $9,040.22 for moneys laid out and expended, together with interest on those two items. The defendant paid to the plaintiff $14,168.01 under a stipulation protecting the rights of both parties. From a judgment entered on the verdict the defendant has appealed. The appeal presents the question what sum, if any, should have been charged against the plaintiff by reason of an alleged excess of the total cost of construction. That question is presented under six different attacks.

The defendant requested, and the trial court refused to give, two instructions as follows:

"III.

"By the contract there was an estimate made by the plaintiff that the entire cost of labor and material neces-

sary for constructing the Miramar Hotel Annex in the manner contemplated by the plans and specifications attached to said contract would not exceed the sum of $428,-686.00. In said contract is a provision that if the said cost exceeds the amount of said estimate then the plaintiff must forfeit the amount of the excess up to the amount of one-half of the contract compensation, that is, to the amount of $12,000.00. Changes in the manner of doing the work were made after the contract was signed and recorded by the omission of some work and by the addition of other work. The contract provides for such changes. You are to decide whether the cost of doing the work of constructing the Miramar Hotel Annex was increased or diminished by these changes for the purpose of deciding whether or not the defendant should be released from paying any part of the compensation provided for in the contract. To determine this the difference in value for work or materials omitted shall be deducted from the aggregate total of the contractor's estimate by a fair and reasonable valuation and the value of any additional work or materials shall be added to the aggregate total of the contractor's estimate by a fair and reasonable valuation to determine the modified estimate under change made. The difference between the modified estimate and the entire cost of the work will determine whether or not and to what extent the cost of the work has exceeded the estimate. If you find after deducting omissions from the contract estimate and adding additions to it the cost of the entire work does not exceed the amount of the estimate so modified then there will be no deduction made from the said unpaid portion of the contract compensation.

"IV.

"If you find after deducting from the estimate the value of omissions and adding to the estimate the value of the additions that the cost of the work exceeds the amount of the estimate so modified then there is to be deducted from the $16,000.00 remaining unpaid as part of the contract compensation the amount of the excess of the cost over and above such modified estimate to an amount not exceeding $12,000.00."

The trial court did not err in refusing either instruction. The third instruction told the jury to subtract

from the contractor's original estimate, $428,686, the "fair and reasonable valuation" of the things omitted. The instruction then told the jury to add to the remainder the "fair and reasonable valuation" of the additions that were made. The contract provided what should constitute the evidence, namely, the contractor and the architect should first agree on the amount of an addition and the amount so agreed upon should be inserted in a written order before any change was made. It is an admitted fact that such agreements and such orders were never made.

■ Instruction IV was properly refused because there was no evidence before the jury which would enable the jury to apply the instruction as worded. If it be said that the record shows some evidence of the actual cost of the additions and that the actual cost is some evidence of the "fair and reasonable value," the answer is that the contract *ex industria* appointed the contractor and the architect as the valuers and under the undisputed record they never made the valuation. It follows that the trial court did not err in refusing to instruct the jury to apply the rule stated in the contract when the parties by their actions had precluded either party from producing the data which constituted the evidence specified in the contract.

■ The defendant then complains because the trial court did instruct the jury as follows: "If you find that the total cost of the work provided for by the contract was increased—that is, the work originally provided for by the contract—if you can separate that and find that the cost of that work was increased, then you should deduct that increase but not exceeding $12,000, from plaintiff's compensation, *unless you find that the guaranty clause of the contract has been waived by agreement or dealings of the parties.*" (Italics defendant's.)

The defendant's principal objection to the instruction is addressed to the part which he has placed in italics. He earnestly contends there is "absolutely no evidence anywhere in the case of a waiver by the defendant of the guaranty clause of the contract." In this he is certainly mistaken. He admits that his architect and the contractor from the very beginning failed to make "fair and reasonable valuations" before changes were ordered; that numerous changes were ordered; that some changes were of

omissions and some changes were for additions; and that no written orders were made. He admits, as, indeed, he must, that these acts excused the plaintiff, at the time of the trial, from producing the written orders. But those written orders were the evidence designated in the contract by the use of which the parties were thereafter to determine what, if any, liability had arisen on the guaranty. The question of waiver or nonwaiver was the principal question litigated in the trial court. The trial court instructed thereon. Unquestionably the jury, at least in part, rested its verdict thereon. This court may not disturb the judgment under such circumstances. *Cavanagh* v. *Keplinger*, 204 Cal. 19 [266 Pac. 287], is directly in point and involved a similar set of facts.

 In his third point the defendant contends that the evidence is insufficient to show that the plaintiff was entitled to any greater compensation than $12,000. He states that the point involves a reference to his contentions under points one and two. Without repeating, we think we have made it clear that the evidence did not show that the plaintiff had constructed the building at an increased cost in such a manner as to authorize any deduction whatever from $24,000, the compensation provided in the written contract. Nevertheless, we will state our views in a slightly different manner. The contract provided that the compensation of the plaintiff would be $24,000. It further provided how, under certain circumstances, that compensation should be diminished. Turning to defendant's proposed instructions III and IV, it is clear that it was and is the contention of the defendant that the contract provided in effect that at the final settlement the compensation of the plaintiff would be ascertained as follows: From the total cost of the building deduct the original estimate as modified by the changes made in the manner stated in the contract and thus ascertain the excess, if any, over such estimate; from $12,000 deduct of the excess not more than $12,000; and if there is a remainder the plaintiff is entitled to it. The contract, when introduced, made a *prima facie* showing as to the amount claimed by the plaintiff, $24,000. But there was no evidence from which we can obtain the data to deduct any sum, or sums, therefrom except $8,000, which it is admitted had been paid. The defendant contends that the

trial court erred in denying his motion for a new trial. In presenting that point we understand that he but emphasizes the foregoing points. For the reasons already stated this point is without merit.

■ Over the objection of the defendants the plaintiff testified that the reasonable value of his services was $47,561.96. As there was a written contract fixing an agreed value, the defendant asserts that this ruling was error. The point is not well taken. As the contract had been fully performed the plaintiff was within his rights when he inserted as the third cause of action a common count. (*Castagnino* v. *Balletta*, 82 Cal. 250, 258 [23 Pac. 127].) The evidence objected to was directly and clearly responsive to the allegations contained in that cause of action. As we have shown above, the parties had made many changes in their contract, but, nevertheless, they had proceeded to execute it. Under well-established rules the contractor was entitled to the reasonable value of his services and not the value stated in the contract, from which the parties had departed. (*Naylor* v. *Adams*, 15 Cal. App. 548, 556 [115 Pac. 335].) Furthermore, the verdict of the jury showed on its face that the jury did not award the plaintiff any sum not authorized by the express terms of the contract.

■ The last point made is that the trial court erred in allowing the plaintiff to give testimony regarding the cost of apparatus for supplying steam-heating as distinguished from gas heating because, as the defendant contends, the contract covered the subject. If we had been in a position to uphold the defendant in his contentions regarding the guaranty, the point now under consideration would be material. However, in view of what is said above regarding the acts of the parties in waiving certain provisions of the contract, this point is wholly immaterial. It is admitted that gas heating was provided for in the contract, that the apparatus has been installed, and that the defendant is liable for the cost. It is not disputed but what steam-heating apparatus was also installed and the sole question regarding that matter is as to whether the cost of the steam-heating apparatus increased or decreased the cost over the sum as estimated.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 13, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment, in the district court of appeal, was denied by the supreme court on August 9, 1928.

All the Justices concurred.