[Civ. No. 6420.   Second Appellate District, Division One.—December 10, 1930.]

EDITH BABCOCK, Respondent, v. W. E. JEWELL et al., Appellants.

John C. Miles for Appellants.

Frazier McIntosh for Respondent.

HOUSER, J.—Plaintiff brought an action to recover from defendants alleged usurious interest and penalty for the

exaction thereof. The original complaint contained the allegation that the defendants "did take and receive from the plaintiff herein the sum of three hundred seventy-two and 09/100 dollars ($372.09) for the loan by defendants to plaintiff of the sum of twelve hundred eighty-eight dollars ($1288.) in money for six (6) months, which said loan the plaintiff did fully repay; . . . ". Later, an amended complaint was filed by which it was charged that the amount received by defendants was $6,172 for a loan made by defendants to plaintiff of the sum of $4,500 for six months. Judgment was rendered in favor of plaintiff in the sum of $2,557.71.

Among other defenses to the amended complaint, defendants Jewell alleged:

"That the transaction set forth in plaintiff's complaint is an entirely different transaction from that set forth in plaintiff's original complaint; that the transactions between the plaintiff and defendant were separate, distinct transactions involving separate and distinct purchases of trust deeds at a fixed and definite discount. . . .

"That several causes of action have been improperly united in said complaint which does not appear upon the face of said complaint but that nevertheless said alleged cause of action set forth in plaintiff's complaint includes three separate transactions all of which are barred by section 3 of that certain initiative measure adopted by the people at a general election on November 5, 1918, and designated and known as the 'Usury Law of the State of California', for the reason that more than one year has expired since the payment of any of said obligations and the filing of said amended complaint."

With reference to the facts upon which such defense was founded, the trial court found "that all the allegations of the answer (except certain facts not here material) are untrue".

The only point expressly made by appellants in their opening brief is that the trial court erred in determining that plaintiff's alleged cause of action was not barred by the statute of limitations. However, the point upon which the applicability of the statute turns, and which is argued by respective counsel, is whether, considering the complaint

as charging *assumpsit* as for money had and received in a certain amount, plaintiff had the right to so amend the complaint as to charge defendants with having received a different amount and thereby increase the claim for damages.

Adverting to the language employed, first, in the original complaint, and secondly, in the amended complaint, it will be noted that in the former, defendants were alleged to have received the sum of $372.09 for a loan of $1288; while in the latter, it was alleged that defendants received the sum of $6,172 for a loan of $4,500. As far as is disclosed by the respective pleadings, nothing appears which clearly indicates that the cause of action set up in the one complaint is not identical with that set up in the other. In each of them, apparently, a loan of a definite amount of money constituted the transaction from which arose the claim for the usurious charge against defendants. No language is used which would indicate that the money lent or the interest collected represented more than a single transaction. To the contrary, the words to the effect that defendants received a certain sum of money "for the *loan*" by defendants to plaintiff of another specified amount, "which said *loan* the plaintiff did fully repay", would afford a basis for the presumption that but one possible cause of action could have arisen from the dealings between or among the several parties by reason of the facts to which reference was had in the complaint.

By the provisions of the so-called "Usury Law" (Stats. 1919, p. lxxxiii), the right to maintain an action of the character of that here involved is limited in time to one year after the accrual of the cause of action.

■ The authorities are harmonious to the effect that an amendment to a complaint which sets up a new cause of action may affect the defendant as of the date of its filing only, and does not relate back to the date of the filing of the original complaint. (*Hogarty* v. *Philadelphia & R. R. Co.*, 255 Pa. 236 [8 A. L. R. 1405, 99 Atl. 741]; 37 C. J. 1074.) ■ But if the complaint herein, as amended, related solely to the identical cause of action set forth in the original complaint, the fact that by the amendment the amount of damages claimed was increased, would present

no tenable legal objection. (5 C. J. 1400; 2 R. C. L. 764, and authorities there cited.)

■ As hereinbefore stated, the findings by the trial court, which were amply sustained by the evidence introduced on the trial of the action, are to the effect that the affirmative allegations contained in the answer of the defendants relating to whether the amended complaint set up a different cause of action from that embraced in the original complaint, were untrue; which statement includes a denial by the trial court of the truth not only of the allegation contained in the answer that the transaction set forth in the original complaint was different from that stated in the amended complaint; but as well, a further denial of the additional allegation in said answer "that the transactions between the plaintiff and defendant were separate, distinct transactions, involving separate and distinct purchases of trust deeds . . . ". From a consideration of such findings, it follows that the execution of the three promissory notes constituted but a single transaction, and that the amended complaint related solely to the identical cause of action set forth in the original complaint. The action having been commenced within the period permitted by the terms of the statute, the defense interposed by the defendants to the effect that the statute had run as against the cause of action cannot be sustained.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 5, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 5, 1931.

Preston, J., dissented.