[Civ. No. 17923.   Second Dist., Div. Two.   Dec. 28, 1950.]

D. NUTTMAN, Respondent, v. DR. GEORGE J. CHAIS
et al., Appellants.

Desser, Rau, Christensen & Hoffman for Appellants.

Harry J. Miller for Respondent.

WILSON, J.—John Bonin & Sons Construction Company entered into an agreement in writing with defendant George J. Chais for the construction of a den, shower house and improvements on defendants' residence property in accordance with plans and specifications. The Bonin Company engaged Leon A. Chernus as subcontractor on the work. Upon the completion of the contract, together with extra work ordered during the progress of the construction, defendants failed to pay the full amount agreed upon, whereupon the construction company and Chernus filed mechanics' liens for the balance remaining unpaid and assigned the liens to plaintiff. This action is against Chais and his wife and others to foreclose the liens. Judgment was rendered in favor of plaintiff from which defendants have appealed. Defendants have also purportedly appealed from the order denying a new trial.

After the contractors had commenced the work and laid out the foundation defendants determined that they would like a larger building and other improvements not provided for in the original contract, plans and specifications. The

improvement was completed under the revised plans and specifications.

Defendants contend that the trial court erred in receiving parol evidence of the modification of the original agreement and in basing its findings thereon. The evidence was admitted without objection and in fact much of it was brought out by defendants on cross-examination. The case having been tried on the theory that the contract had been orally modified, and the question being whether the contract had been completed according to the modification, defendants will not be permitted to present a contrary theory on appeal. (*Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 543 [162 P.2d 934] ; *Priebe* v. *Sinclair,* 90 Cal.App.2d 79, 87 [202 P.2d 577] ; *Munfrey* v. *Cleary,* 75 Cal.App.2d 779, 785 [171 P.2d 750].)

Moreover, there was no attempt to vary the terms of the contract, as that term is ordinarily understood and expressed in the decisions cited by defendants. Defendants ordered a much larger and more expensive structure than originally contracted for. Evidence was properly admitted as to the amount and value of the extra work. (*Gutleben Bros.* v. *Stevenson,* 92 Cal.App. 513, 520 [268 P. 379] ; *Lacy Mfg. Co.* v. *Gold Crown Mining Co., Ltd.,* 52 Cal.App.2d 568, 577-8 [126 P.2d 644] ; *Wyman* v. *Hooker,* 2 Cal.App. 36, 41 [83 P. 79].)

The oral agreement modifying the written contract was fully executed and the work completed as ordered by defendants, and having been fully executed defendants were liable for the additional expense. (*State Finance Co.* v. *Hershel etc. Co.,* 8 Cal.App.2d 524, 529 [47 P.2d 821].) The evidence supports the finding that the contractors fully completed and performed their work. Chernus, the subcontractor, testified that for three and a half months he spent almost 75 per cent of his time in the construction of defendants' improvements; that all the work provided for in the contract, plans and specifications was performed, and that all the extra work was completed as defendants ordered. He testified in detail as to extra work performed and as to its reasonable value. Such evidence sustains the finding although there was conflicting evidence on the part of defendants as to certain features of the work.

Defendants also maintain that the findings and judgment are not supported by the pleadings. The complaint alleged that the work, labor and materials required by the contract and by defendants' order for additional work had been fur-

nished and delivered by the contractors to and for defendants. The execution of the contract, the order for extra work, and the allegation that all had been supplied by the contractors, is a sufficient pleading and supports the findings. Furthermore, the alleged variance was not raised at the trial and is therefore waived. (*Colbert* v. *Colbert,* 28 Cal.2d 276, 281 [169 P.2d 633].)

Defendants assign error made at the conclusion of the case allowing plaintiff to amend the complaint to conform to the proof by alleging a greater amount due than that alleged in the original complaint. When at the close of the evidence plaintiff asked leave to amend the complaint to conform to the proof no objection was raised by defendants and they apparently acquiesced in the order. The allowance of such amendment rests in the sound discretion of the trial court and since an abuse of discretion is not shown, and new and entirely different issues were not brought into the case, the court did not err in allowing the amendment. (*Crown Products Co.* v. *California Food Products Corp.,* 77 Cal.App.2d 543, 550 [175 P.2d 861].) An amendment to a complaint praying for damages greater than originally sued for is properly allowed if the evidence justifies such increase and relates solely to the identical cause of action in the original pleading. (*Babcock* v. *Jewell,* 110 Cal.App. 323, 325-6 [294 P. 30] ; *Stohlman* v. *Martin,* 28 Cal.App. 338, 346 [152 P. 319] ; *Hoffman* v. *Southern Pacific Co.,* 101 Cal.App. 218, 229 [281 P. 681].)

Finally, defendants contend that the trial court abused its discretion in denying their motion for a new trial on the ground of newly discovered evidence. The witness defendants desired to call was an architect who was expected to give evidence concerning the work performed by the contractors. Such evidence could not strictly be classed as "newly discovered" since the witness was defendants' architect on the job and was known to defendants for a considerable period prior to the making of the contract. The action was commenced in April, 1948. On November 4, 1948, the trial was set for May 25, 1949. The affidavits show that the architect was listed in the Los Angeles telephone directory with an office and residence in Los Angeles and that he had been in the county of Los Angeles a month prior to the trial. Defendants never sought to take his deposition or to cause the issuance of a subpoena requiring his presence at the trial. When the case was called for trial on May 25, 1949, defendants did not

apply for a continuance and no point was made of the absence of the witness. Evidence was introduced by both parties and the cause was submitted without any motion by the defendants for a continuance.

Since for more than a year prior to the trial defendants had known of the existence of the architect and had known of his connection with the work and failed to make any attempt to have him present at the trial, and failed to move for a continuance, there was no error in denying the motion. (*Broads* v. *Mead*, 159 Cal. 765, 768 [116 P. 46, Ann.Cas. 1912C 1125] ; *Crawford* v. *Rose*, 2 Cal.App.2d 734, 738 [39 P.2d 217, 40 P.2d 277].)

Judgment affirmed. Purported appeal from order denying new trial dismissed.

Moore, P. J., and McComb, J., concurred.