[Civ. No. 19472.    First Dist., Div. Two.    Apr. 17, 1961.]

ROBERT LARKIN, Respondent, v. E. G. JESBERG,
Appellant.

Sellar & Engleking and A. J. Engleking for Appellant.

Betts & Renaghan and William J. Betts for Respondent.

STONE, J. pro tem.*—Defendant appeals from an adverse judgment in a partnership accounting action. Respondent, a trenching machine operator, and appellant, an engineer and licensed general contractor, carried on a trenching and excavating business from August 1, 1956, until October 9, 1957. The agreement was oral, but the parties executed a written dissolution agreement. Aside from an accounting to determine the gross income and operating expenses, the principal issue raised by the pleadings was whether the sum of $130 per week paid to respondent constituted wages for his services or was simply a drawing account which would entitle appellant to an equal amount. The dissolution agreement provided: "... it

*Assigned by Chairman of Judicial Council.

is agreed that as part of the operating expenses of said partnership business to be paid from the proceeds of said business after payment of all third party claims against said business, wages shall be allowed to the said Robert Larkin in accordance with the agreement of the parties for the amount of $130.00 per week from the date of commencement of said partnership to and through July 24, 1957, and thereafter, from July 25, 1957, to the date of termination of said partnership at the prevailing union hourly wage rate for trencher operators, for time actually worked by the said Robert Larkin.'' The trial court, sitting without a jury, found the dissolution agreement controlling and allowed respondent wages at the rate of $130 per week as an expense of the partnership. The finding appears to be supported by the written dissolution agreement, but appellant contends it cannot support the finding because respondent failed to comply with its terms, thus making it ineffective. He bases this argument upon a clause in the dissolution agreement which provides: ''Upon rendering of said accounting in full, if accepted by both of the parties hereto, amounts found to be due thereunder shall be paid within ninety (90) days of the acceptance of said accounting. If said accounting be not accepted by both parties, each of the parties shall have the right to choose an accountant and the two accountants so chosen shall *chose* a third accountant to settle the accounting between the parties before resorting to the courts.'' Each partner appointed an accountant pursuant to the agreement but the accountants could not agree. Respondent then filed this action without complying with the requirement that a third accountant be appointed, alleging in his complaint ''. . . that the difference of opinion between said Robert Larkin and said E. G. Jesberg concerning settlement of accounts are of such a nature that they could not be resolved by further accounting outside of court, and that no future accounting could settle said differences.'' Appellant argues that the failure of the accountants of the respective parties to agree does not excuse compliance with the accounting provision; that respondent's failure to arbitrate vitiates the dissolution agreement and renders a finding based thereon a nullity. He cites the case of *Tas-T-Nut Co.* v. *Continental Nut Co.*, 125 Cal.App.2d 351 [270 P.2d 43], which held that compliance with an arbitration clause in an agreement is a condition precedent to filing an action thereon. There is this difference, however; in Tas-T-Nut, the defendant raised the failure to comply by way of demurrer and when the trial court

erroneously overruled the demurrer, defendant pleaded the condition precedent in his answer. ▮ Here, appellant failed to object to the complaint by demurrer or by motion. He answered without raising the point and the case was tried without mention of the condition precedent. Appellant thereby effectively waived his right to raise the issue for the first time on this appeal. ▮ As was said in *Ernst* v. *Searle,* 218 Cal. 233, 240 [22 P.2d 715] : "... The rule is well settled that the theory upon which a case is tried must be adhered to on appeal. A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant. (2 Cal.Jur., § 68, p. 237.)"

▮ Any contention that the failure to comply with the accounting requirement destroyed the efficacy of the dissolution agreement is further dispelled by a stipulation signed by counsel for appellant and respondent settling most accounting issues. The stipulation was made after the answer had been filed and the issues joined. It fixed the amount of gross income and of the operating expenses exclusive of any amount due the partners. The effect of this stipulation was to resolve the accounting differences. The remaining questions were essentially matters of law.

▮ Appellant next complains that at the time the stipulation was signed, respondent's demand was only $4,067.33, and that the trial court exceeded its authority by thereafter allowing respondent to amend his complaint to conform to the proof which resulted in a judgment of $5,133.23 plus interest. Appellant's position is untenable for the following reasons: (a) The stipulation does not purport to determine the amount due either partner but simply to fix the gross income and operating expenses. It leaves for the court's decision the question of the rights of the partners. (b) The prayer of the complaint reads as follows: "2. For the sum of $4,067.33 plus interest thereon at the legal rate, from September 18, 1957, to the present date, and thereafter to the date of judgment herein, plus such additional sums as shall be found necessary to be paid to plaintiff to equalize and balance accounts of said partnership." Appellant was aware of the prayer of the complaint, yet he did not condition his stipulation upon the amount of respondent's claim. (c) The trial court has inherent power to allow an amendment of pleadings to conform to proof unless the amendment introduces a

new and independent cause of action, which was not the effect of the amendment here. (*Nuttman* v. *Chais,* 101 Cal.App.2d 476, 479 [225 P.2d 660]; *Eatwell* v. *Beck,* 41 Cal.2d 128, 135 [257 P.2d 643]; *Bice* v. *Stevens,* 136 Cal.App. 2d 368 [289 P.2d 95]; *Vick* v. *Grasser,* 169 Cal.App.2d 692, 697 [338 P.2d 223].)

Appellant finally urges that there is no evidence in the record to support the finding that "the gross revenue and income of said partnership business over and above amounts paid out for operating expenses, including the amount of $6,557.09 found to have been paid to plaintiff, Robert Larkin, on account of wages, were received and retained by E. G. Jesberg." Appellant states that "[n]either documentary or [*sic*] oral evidence was introduced to prove that defendant received and retained the sum of $6,557.09. . . ." We do not read the findings as does appellant. The court's language appears to include the $6,557.09 as a part of the total amount paid as operating expenses. Such an interpretation is reasonable and it tends to support rather than defeat the finding. In *Richter* v. *Walker,* 36 Cal.2d 634, 639 [226 P.2d 593], the court said: "As to the principles governing appellate courts in considering the adequacy of findings to dispose of issues and support a judgment it is a general rule that 'Even though a finding might have been more clearly phrased, it is sufficient if its language is clear enough to indicate what the court intended; . . .' " Furthermore, in another finding the court clarified the ambiguity. It specifically found the $6,557.09 to have been paid to respondent as an expense so that appellant was not charged with the same amount twice. The court also made findings itemizing the total income, the total expenses, the credits of the partnership, of the individual partners, and repeated the items by way of recapitulation in the conclusions of law. An uncertain finding will not defeat a judgment if other findings supply the deficiency or clear up the ambiguity. As was said in *Richter* v. *Walker, supra,* at page 639, ". . . if there are findings sufficient to support the judgment, they are not vitiated by the unintelligibility of others." (See also *Holmberg* v. *Marsden,* 39 Cal.2d 592, 596 [248 P.2d 417]; *Aguirre* v. *Fish & Game Commission,* 151 Cal.App.2d 469, 474 [311 P.2d 903].) Counsel for appellant also objects to the finding upon the ground that respondent failed to trace the partnership funds. He argues that in the absence of some showing of what happened to the money there is no

evidentiary support for the finding. The record reflects that respondent handled the partnership funds for three months only and that he accounted fully for all receipts and disbursements during that period. Since the gross income was fixed by stipulation, the court deducted the partnership income for which respondent accounted from the stipulated total and charged appellant with the difference. Likewise, the total operating expense was fixed by stipulation, and as respondent accounted for expenses during his stewardship, the court deducted them from the stipulated partnership total and credited appellant with the difference. The balance was partnership income and properly charged to appellant. He cannot escape liability by failing to produce records or testimony to account for the funds chargeable to him. The record indicates he commingled partnership funds with other accounts which he maintained and that he either refused or was unable to account. Respondent discharged his burden by proving the remainder chargeable to appellant and it was up to him to account for that remainder. The record amply supports the findings.

Judgment affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.