[No. 12580.   In Bank. — November 1, 1888.]

# E. E. KATZ, RESPONDENT, *v.* EDMOND BEDFORD ET AL., APPELLANTS.

CONTRACT FOR SIDEWALK — ENTIRETY. — A contract to build a sidewalk is not entire, when the quantity of sidewalk to be built is left blank in the written contract, and there is no attempt to reform the instrument.

ID. — BREACH OF CONTRACT — ASSUMPSIT — PLEADING. — In an action of *assumpsit* for work done and materials furnished in building a sidewalk, when it is not alleged by the defendant in his pleading that the contract for the sidewalk was not completed, but the defense is that the sidewalk was not constructed in a workmanlike manner, the defendant cannot object to a recovery upon a *quantum meruit* and *quantum valebat,* for the reason that the contract was entire, and the work was not completed. The plaintiff may recover in such case what the work done and materials furnished were worth, where the parties cannot rescind and stand *in statu quo,* but one of them must derive benefit from the labor of the other.

ID. — PART PAYMENT — ACCEPTANCE — ESTOPPEL. — Though part payment does not amount of itself to an acceptance of work not fully completed under a contract, yet, if such payment is made after a sidewalk has been completed on one side of the street with full knowledge of its condition, and the contractor is thereafter allowed to finish the contract for a sidewalk on the other side of the street, without objection, and the sidewalk is swept off and used in part before its completion, the contracting party thus conducting himself is estopped from defending against the whole contract price, and is entitled to be allowed a deduction of only the amount necessary to make the work such as the contract called for.

ID. — PAROL EVIDENCE OF SUBSEQUENT AGREEMENT. — When a written contract is uncertain in its terms, parol evidence of a subsequent agreement between the parties making such terms definite is admissible.

ID. — EVIDENCE OF PAYMENT WITH KNOWLEDGE. — Evidence that one of the defendants was present and saw the work done under the contract as it progressed is material, as tending to show that payment of money on the work, without objection, was with knowledge of the manner and quality of the work.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. C. Rolfe,* for Appellants.

*Harris & Gregg,* for Respondent.

Works, J.—This action is brought to recover for the making and laying of a cement sidewalk. The complaint is in two counts, one upon a special contract, which is set out and made a part of the complaint, the other upon a *quantum meruit.*

The defendants admit the execution of the contract, but deny that the work was done in the manner required and provided therein, and allege affirmatively that the work was not done in a substantial and first-class manner as agreed upon. The defendants also plead, by way of cross-complaint, the making of the same contract set out in the complaint, that the plaintiff has not performed the conditions of the contract, and that he "laid the sidewalk in a bad and unworkmanlike manner, and the same, as made and constructed by plaintiff, was and is of an unsubstantial, frail, and very inferior kind and quality, and not serviceable, and is crumbly and worthless, and of no use or service to defendants."

Both the complaint and cross-complaint alleged that the defendants paid one thousand dollars on the work, and the defendants seek to recover that amount, and interest.

The complaint alleges that 16,200 square feet of sidewalk was laid, which was of the value as fixed by said contract, and was of the reasonable value of $2,916, leaving due the plaintiff, after deducting the $1,000 paid, $1,916, and interest from the time of the completion of the contract.

The court finds the making of the contract; that the amount of work was done as alleged by plaintiff; that a part of the sidewalk was on one side of the street and part on the other; that on the west side the work was done in all things as required by the contract, except as to the time, which was extended by consent of defendants, and that on the other side of the street it was not completed within the time fixed by the contract, but the variation as to time was with the consent of defendants;

that as to both sides of the street, by an agreement between the parties, subsequent to the making of the original contract, the width of the sidewalk was reduced from ten to nine feet.

As to the east side, the court finds that the plaintiff "honestly and in good faith endeavored to comply with that condition of the agreement that the walk should be laid in a most substantial manner, and should be first-class in every respect; but that plaintiff did not lay the east half of the sidewalk in strict or substantial compliance with the last-named condition, *in that a number of the blocks or squares of the east half of the pavement are broken and loose, and some portions of the curbing are cracked and broken and need repair*, and that it will cost about fifty-eight dollars to replace the inferior portions of the east half of the sidewalk with first-class pavement, and to put said east half into good order according to the terms of the contract."

Judgment was rendered for plaintiff for the amount of his claim, less the said sum of fifty-eight dollars.

Counsel for appellants contends that the contract sued on is entire, at least so far as each side of the street is concerned, and that plaintiff cannot recover, for the reason that the work was not completed. It seems to us that there are two answers to this contention, either of which must be conclusive.

1. The contract relied upon by both parties does not require the plaintiff to lay any particular quantity of sidewalk. It provides that plaintiff shall "build, make, or lay a cement sidewalk, . . . . said sidewalk to be not less than ten feet wide and —— feet long." It will be seen that the number of feet of sidewalk to be laid is left blank, and there is no attempt in the pleadings of either party to have the contract corrected in this respect.

2. It is not alleged in defendants' answer or cross-complaint that the contract was not completed, nor is its completion controverted at the trial. The defense is,

that it was not done in a workmanlike manner. In such cases the rule is well established that the plaintiff may recover on a *quantum meruit* and *quantum valebat* what the work done and materials furnished were worth, where, as in this case, the parties cannot rescind and stand *in statu quo,* but one of them must derive benefit from the labor of the other. Some of the cases cited by the appellant are to this effect, and we cite them as directly against him on this point. (*Bragg* v. *Town of Bradford,* 33 Vt. 38; *McKinney* v. *Springer,* 3 Ind. 59; 54 Am. Dec. 470; *Hayward* v. *Leonard,* 7 Pick. 180; 19 Am. Dec. 268, and note 272.)

The court finds that as to the side of the street on which the work is found to be defective, the defendant saw the work done from day to day, as it progressed, and when it was completed, and with full knowledge of its condition paid a part of the amount due therefor to plaintiff, and permitted him to go on and do the work on the other side of the street thereafter, and made no objection to the manner in which it was done until the whole work was completed, and that before it was entirely completed they caused a part of it to be swept off and used the same at an auction sale of lots belonging to them and fronting thereon. Counsel for appellant claims that the court below regarded this as an acceptance of so much of the work, and contends that in this the court was in error. Whether the facts show an acceptance, strictly speaking, or not, it is clear to our minds that it was such conduct as should estop the defendants from defending against the whole contract price of the work. The allowance of the amount necessary to make the work such as the contract called for was all the defendants were entitled to, and this the court gave them. (*McKinney* v. *Springer,* 3 Ind. 59; 54 Am. Dec. 470, 479, note; *Howard* v. *Leonard,* 7 Pick. 181; 19 Am. Dec. 268, 272; 3 Am. & Eng. Enc. 920; *Swain* v. *Seamens,* 9 Wall. 257, 274.)

It may be conceded, as claimed by appellant, that part payment does not amount to an acceptance, but, taken in connection with the other facts found as to the conduct of the defendants, we think it is amply sufficient to avoid the defense attempted to be made here.

It is claimed that a part of the finding, viz., as to the sweeping of the sidewalk and its use, is not supported by the evidence, but there is evidence directly on the point, and we will not inquire as to its weight.

The court permitted one of the witnesses to testify to a conversation between the parties with reference to the manner in which the work was to be measured. To this counsel objected, on the ground that it was testimony tending to prove what construction should be given to a part of the contract, which should be determined by the court upon an inspection of the instrument. We have examined the evidence, and do not regard it as a statement as to the proper construction of the contract, or of the understanding of the parties as to how it should be construed, but as a statement of a subsequent agreement or understanding as to the mode of measurement, it being uncertain, under the terms of the contract, whether only the top or both the top and face of the curbing should be measured.

There was no error in admitting the evidence.

It is further objected that it was error to allow the plaintiff to prove that one of the defendants was present and saw the work being done as it progressed. We see no error in admitting this testimony. It was material as tending to show that the payment of money on the work, without objection, was with knowledge of the manner in which the work was done and its quality.

The judgment and order denying a new trial are affirmed.

SEARLS, C. J., McFARLAND, J., SHARPSTEIN, J., THORNTON, J., and PATERSON, J., concurred.