[Sac. No. 330. Department Two.—May 18, 1898.]

A. ANDERSON, Respondent, v. W. E. JOHNSTON, Appellant.

MECHANICS' LIENS—COMPLETION OF CONTRACT—ORAL CHANGE OF TERMS.— Though a substantial performance of the contract, according to the terms and conditions agreed upon, is a condition precedent to the builder's right to enforce a mechanic's lien, yet the written contract may be changed as to its terms by an executed oral agreement, and where the contract is substantially completed according to such changed terms, the right to enforce a mechanic's lien

is not lost by failure to complete the structure strictly according to the terms of the written contract.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Matt. F. Johnson, Judge.

The facts are stated in the opinion.

Martin Devine, and A. A. De Ligne, for Appellant.

C. W. Baker, for Respondent.

SEARLS, C.—Action to foreclose a mechanic's lien. Plaintiff demands judgment for eighty-five dollars and costs and an attorney's fee of fifty dollars. The cause was tried by the court, and a decree entered in favor of plaintiff for sixty-seven dollars and fifty cents and for an attorney's fee of twenty-five dollars and costs. Defendant appeals from the decree and from an order denying his motion for a new trial.

It appears that on the first day of September, 1895, the plaintiff and defendant entered into a written agreement by the terms of which the plaintiff agreed with the defendant to construct for the latter a house in Sacramento, twelve by eighteen feet, two stories in height, with one room on the back ten by eighteen feet, eight feet high, with shed roof. The building, among other equipments, was to have eight windows, etc. An old building on the premises was to be taken down and the lumber used in the construction of the new, with some exceptions not necessary to any question here. Plaintiff was to be paid one hundred and seventy-five dollars; one hundred when the work was done and seventy-five dollars thirty days thereafter. The building was completed and occupied by defendant October 10, 1895, but not in accord with the contract in that: 1. There were but six windows instead of eight; 2. The rear room was seven and one-half feet high, instead of eight feet as called for by the contract.

Defendant in his answer sets out these variations from the contract, and avers that he completed the structure as provided for therein at a cost of twenty dollars, which he avers should be deducted from the seventy-five dollars due. He further avers that he tendered plaintiff sixty-five dollars (ten dollars being, as we

suppose, on account of extra work, averred in the complaint to have been performed and agreed upon). Defendant deposited fifty-five dollars in court, which he claims was all that was due.

The court found, in substance, that all the allegations of the complaint were true, except, as before stated, that the ceiling of the back room was only seven and one-half feet high instead of eight feet as it should have been, and that defendant was entitled to a credit of twelve dollars and fifty cents, the sum necessary to make it eight feet, and that defendant was entitled to a credit of five dollars, the amount agreed upon for leaving out two windows. It also found that twenty-five dollars was a reasonable fee for plaintiff on foreclosure.

The principal contention of appellant is, that the building was never completed as required by the terms of the contract, and hence that respondent was not entitled to a mechanics' lien thereon. It is true that, as said by Phillips on Mechanics' Liens, section 134, page 189: "A substantial performance, according to the terms and conditions agreed upon, is a condition precedent to the builder's right to maintain an action under the mechanic's lien law."

The finding of the court is, that the building was completed according to the contract except as to the back room, which was but seven and one-half feet high, and that it was accepted by the appellant.

The court also finds that subsequently to the making of the contract some of the work thereon was ordered changed by the defendant. There was evidence tending to show that two windows were omitted from the building by order of the defendant, and that the posts of the old building furnished by defendant, and from which the new one was constructed, were not of sufficient length to make the back room eight feet high, and that upon being so informed by plaintiff defendant told him to use them and do the best he could with them. The effect of this was to change the terms of the contract.

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement." (Civ. Code, sec. 1698.)

There is no express finding as to the exact alteration made in the written agreement, but only that alterations were made there-

in, but, as no specifications of error are predicated thereon, we think the findings must be deemed sufficient.

The findings have evidence in their support, and we advise that the judgment and order appealed from be affirmed.

Belcher C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

　　　　　　　　　　Temple, J., McFarland, J., Henshaw, J.