[Civ. No. 232. Second Appellate District.—July 6, 1906.]

E. J. OATMAN et al., Appellants, v. R. A. EDDY et al., Partners under the Firm Name of HIGHGROVE FRUIT COMPANY, Respondents.

WRITTEN CONTRACT—SALE OF ORANGE CROP—PRICE—AMOUNT DELIVERED—SUPPORT OF FINDING.—Where an orange crop was sold under a written contract for delivery at the packing-house of defendants at the ruling f. o. b. price at time of shipment, and fixing cost of services for handling and selling, *held,* that the evidence sustains the finding of the court as to the price and amount of oranges delivered under its terms.

ID.—EXECUTED ORAL MODIFICATION—SHIPMENT EAST FOR AUCTION SALES—SUBSTITUTION FOR ORIGINAL CONTRACT.—Where, by an executed oral modification of the written contract, the residue of the orange crop was, at the seller's request, shipped east and sold at auction in New York and Boston, such modification took the place of the original contract as to price, and the oranges so sold were not required to be accounted for at the f. o. b. price at time of shipment, but only at the prices received at the auction sales.

ID.—CONSTRUCTION OF CODE—WRITTEN CONTRACT—SUBSEQUENT ORAL MODIFICATION.—Under section 1698 of the Civil Code, an executed oral modification of a written contract is not required to be made at the time of the inception of the written contract, but the code provisions are complied with by a subsequent executed oral modification of the written contract.

APPEAL from an order of the Superior Court of Riverside County denying a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellants.

Collier & Carnahan, for Respondents.

SMITH, J.—The suit was brought to recover the price of plaintiff's orange crop, alleged to have been sold under a contract between plaintiffs and defendants, of date November 26, 1900, set out below. It was found by the court that the plaintiffs were indebted to the defendants in the sum of $1509.05, as the balance due them for advances to plaintiffs over the receipts from sales and interest; and judgment was entered accordingly. The plaintiffs appeal from an order denying their motion for a new trial.

The contract referred to above is as follows:

"Riverside, Cal., November 26, 1900.

"In consideration of the Highgrove Fruit Company having this day advanced us the sum of Three Thousand ($3,000) Dollars, on our present orange crop at Highgrove, the receipt of which is hereby acknowledged, we have agreed, for the handling of same through said Highgrove Fruit Company on the following terms and conditions:

"We agree to pick and deliver our crop at Highgrove Fruit Company's packing house, fruit to be delivered at times mutually agreed upon. Highgrove Fruit Company agrees to sell all fancy and choice grades oranges, at the ruling F. O. B. price at the time of shipment. Highgrove Fruit Company to receive for their services for handling and selling said crop fifty (50c) cents per box.

"Highgrove Fruit Company further agree to render account sales at time of shipment. Also agree to advance two thousand ($2,000) dollars on December 10th, 1900."

There was sold under this contract during the year 1900, eight hundred and eighty-eight boxes of oranges, about which there is no dispute, and during the month of January and the first part of February, there was sold two thousand and ninety-four boxes, about which there is no dispute except that it is claimed by the appellants that the amount found by the court to have been received by the defendants was too little by $86.55; and on this point, the finding seems to be sustained by the evidence. The principal, and, indeed, the only serious question, therefore, is as to the oranges sold subsequent

to the twenty-fifth day of March, 1901, amounting to four thousand and sixty-eight boxes.

As to these, it is found by the court: That prior to the twenty-fifth day of March, 1901, the original agreement was modified by an oral agreement between the parties, made at the request of the plaintiffs and afterward fully executed, by the terms of which it was agreed, "that said remaining oranges should be shipped east and sold at auction in the cities of New York and Boston"; that the oranges were sold at auction pursuant to this agreement, "and were not sold at ruling F. O. B. prices at Highgrove," as stipulated in the original agreement; and that defendants received therefrom as net proceeds the sum of $1326.34, and no more.

This finding seems to be fully supported by the evidence; and, if we understand it rightly, the position of appellants is that a contract in writing can be altered only by a contract in writing or by an oral agreement executed at the time of its inception. (Civ. Code, sec. 1698.) But we do not understand this to be the law, and are of the opinion that the provisions of the statute are complied with by the subsequent execution of the contract. We are also of the opinion that the modified contract took the place of the original contract, and that it was correctly construed by the court.

The order appealed from is affirmed.

Allen, J., and Gray, P. J., concurred.