[L. A. No. 4049. Department One.—April 15, 1915.]

HARRY H. SINNIGE, Respondent, v. HELEN AGATHA OSWALD et al., Appellants.

LEASE—MODIFICATION OF WRITTEN TERMS—ACCEPTANCE OF LESS RENT—FUTURE INSTALLMENTS NOT AFFECTED.—Where a lessor under a written lease, in which the rent reserved was payable in specified monthly installments, accepts from time to time a smaller amount for the installments due than that called for in the lease, and gives receipts in full for the installments then paid, such concessions, when supported by a consideration, are valid to the extent that a lower rent has been tendered and accepted as satisfaction in full of the installments thus paid. They are not sufficient to establish a change in the written contract so as to affect the amount of future intallments, where no such change of terms has been made in writing.

GUARANTY BY CORPORATION—ADMISSION OF EXECUTION IN PLEADINGS—WANT OF AUTHORITY OF PRESIDENT TO EXECUTOR.—In an action against a corporation to enforce a guaranty executed in its name by its president, objection to its admission in evidence on the ground that no authority had been shown for the president to execute it, is properly overruled, where the answer admits its execution, and affirmatively avers that it was not made until after the execution of the original obligation and was without consideration.

ID.—GUARANTY OF PAYMENT OF RENT UP TO SPECIFIED AMOUNT—CONTINUING GUARANTY.—Where a lease covered a term of ten years, and contemplated monthly payments during that period of a total rental of over forty thousand dollars, a guaranty of the "payment

of the rent in said lease specified at the times and in the manner therein stated up to the amount of one thousand dollars," is a continuing guaranty up to the amount specified and does not become inoperative upon the lessee paying rent in excess of one thousand dollars. That such is the correct interpretation is made apparent by a further provision that the guaranty is to hold good until certain furniture purchased by the lessee is fully paid for and a chattel mortgage thereof delivered to the lessor, an event which none of the parties contemplated would happen until rental far in excess of one thousand dollars had accrued under the lease.

ACTION TO RECOVER RENT—RENT ACCRUING AFTER COMMENCEMENT OF ACTION—SUPPLEMENTAL COMPLAINT—WAIVER OF OBJECTION TO FILING.—In an action to recover rent, the defendants cannot for the first time after judgment, make objection to the filing of a supplemental complaint seeking to recover rent which accrued after the commencement of the action, where they answered it on the merits and went to trial without any objection to the presentation of evidence offered to sustain its allegations.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, for Appellant Frevert-Bledsoe Furniture Co.

John J. Brennan, for Appellant Helen Agatha Oswald.

Hoff & Chatterson, for Respondent.

At the close of the argument, Sloss, J., delivered the opinion of the court, Shaw, J., and Lawlor, J., concurring.

This cause comes here on an order for a rehearing after decision by the district court of appeal for the second appellate district. That court filed an opinion which states the essential facts, and makes satisfactory disposition of most of the legal questions presented.

From that opinion we quote:

"The plaintiff brought this action to recover judgment for several installments of rent claimed to be due from the defendant Helen Agatha Oswald as lessee of an apartment house. Plaintiff owns the property as grantee from the lessors and is also assignee of the lessors' right under the lease.

Judgment was obtained against Mrs. Oswald for the full amount of rent claimed, and against defendant Frevert-Bledsoe Furniture Company for one thousand dollars, claimed under a written guaranty of the payment of the rent to the extent of one thousand dollars. The defendants appeal from the judgment and from an order denying their motion for a new trial.

"The lease was for ten years and was made in March, 1912, while the house was in course of construction, and the rent began on May 1, 1912, at the specified rate of $347 per month. Rent in excess of $1,000 was paid before the time when the installments became due that are involved in this action. Rent for May, June and July, 1912, was paid at the $347 rate. Thereafter rent was paid to the lessors and subsequently to the plaintiff at the rate of $317 per month, to and including April, 1913. Defendants claim that the lease was changed, by reduction of the rent, for the entire term, bringing it down to $317 per month. There was not at any time a written modification of the terms, but the smaller amount was accepted from time to time and receipts in full were given for the installments then paid.

"The complaint herein was filed on June 11, 1913, for the sum of $347, as rent of May, 1913, and for the further sum of $347 as rent of June, 1913. On October 10, 1913, a so-called supplemental complaint was filed demanding the same sum of $347 as July rent. The only demurrers were to the original complaint and were overruled. The action was tried upon the first complaint and the supplemental complaint and the answers of the defendants.

"The finding that there was no change in the terms of the lease in the alleged particular of reducing the rent is sustained by the evidence. Concessions of the kind that were shown by the defendants, when supported by a consideration, are valid to the extent that a lower rent has been tendered and accepted as satisfaction in full of the installments thus paid. They are not sufficient to establish a change in the written contract so as to affect the amount of future installments of rent where no such change of terms has been made in writing. (*Estate of McDougald,* 146 Cal. 196, 199, [79 Pac. 875].)

"The contract of guaranty attached to the lease reads as follows:

"In consideration of, and as an inducement to, said lessors leasing the property described in the foregoing lease to said lessee, the Frevert-Bledsoe Furniture Company, a corporation, hereby agrees to and does assign and transfer to said lessors its interest in the furniture purchased or that may be hereafter purchased by said lessee from said corporation, for use in said building hereinbefore described, and which may be placed therein by said lessee, to the extent and amount of the payment or payments which have been or which shall hereafter be made thereon by her to said company; and the said corporation hereby agrees to and does guarantee to said lessors the payment of the rent in said lease specified at the times and in the manner therein stated up to the amount of One Thousand Dollars ($1,000), which said guarantee is to hold good and to be in full force and effect until said furniture is fully paid for and until said lessee executes and delivers to said lessors the chattel mortgage provided for in the foregoing lease, contemporaneously with and as a part of which lease this agreement is executed.

                    FREVERT-BLEDSOE FURNITURE CO.,
                         By W. L. Frevert, President.

"When this document was offered in evidence counsel for the defendant Furniture Company admitted that the signature was that of W. L. Frevert, and that he at the time of signing was president of defendant corporation, but objected to the admission of the instrument in evidence upon the ground that no authority had been shown of the president of the company to execute a contract of guaranty, and particularly this contract of guaranty. The answer of this defendant denied that it guaranteed the payment of said rent at the time or in the manner stated in said lease, or at all, 'except that the lessors should be paid up to the amount of $1,000,' and further alleged 'that said agreement made by it was subsequent to the making of said lease and was made without consideration.' In view of these admissions, the court did not err in overruling the objection above stated."

We adopt the foregoing portions of the opinion of the district court of appeal as our opinion on the points thus discussed. Our views on the remaining questions are as follows:

The defendant Furniture Company contends that its contract of guaranty did not extend beyond the sum of one thousand dollars agreed to be paid by the principal as rent

under the lease; and that since the evidence shows payment by the lessee of more than one thousand dollars of such rental it follows that the guaranty is fully satisfied.

This contention cannot, we think, be sustained. The lease covered a term of ten years, and contemplated monthly payments during that period. The purpose of the guaranty was to provide the lessor with security for these successive payments of rent. The total rental aggregated over forty thousand dollars, and the words, "up to the amount of $1,000" were designed to fix a limit to the guarantor's total liability. The guarantor was not binding itself beyond one thousand dollars, but up to that point it guaranteed "the payment of the rent in said lease specified." The rent guaranteed was the rent for the entire period, not merely for the first three months. This, we think, would be the fair construction of the instrument, if the words just quoted stood alone. The correctness of the interpretation is the more apparent upon a consideration of the further provision that the guaranty is to hold good until the furniture is fully paid for and a chattel mortgage thereof delivered to the lessor. It is perfectly plain from the record that the parties did not contemplate that the furniture would be fully paid for and the mortgage executed before the lapse of many months. Until this was done the lessor was to have the guaranty as security. It certainly was not intended that, if the tenant paid rent for the first three months, the lessor should be without any security, whether by way of mortgage or of guaranty, for the balance of the term. The fair meaning of the instrument, taken as a whole, is that the lessor is to have the security of the one thousand dollars guaranty, until it can be replaced by a chattel mortgage on the furniture.

A supplemental complaint was filed by leave of court, asking recovery of rent for the third month (July), accrued after the commencement of the action. Perhaps the subject-matter was not properly brought into the case, but the defendants answered the supplemental complaint on the merits, and went to trial without making any objection to the presentation of evidence offered to sustain the allegations of the pleadings. They cannot be permitted to raise the objection for the first time after judgment. (*Groom* v. *Bangs,* 153 Cal. 456, [96 Pac. 503].)

The judgment includes rents for the entire month of July, 1913. It appears that the lessor demanded and the tenant surrendered possession of the premises about the middle of that month. The appellants contend that there should be a proportionate abatement of the July rent. The respondent has stipulated that such abatement may be allowed and we need not therefore pass upon the correctness of the contention thus made. Pursuant to this stipulation the judgment against both the lessee, Mrs. Oswald, and Frevert-Bledsoe Furniture Company, the guarantor, should be reduced to $867.50.

It is ordered that the judgment be modified as above indicated and that as so modified it stand affirmed.

The order denying a new trial is affirmed.

The appellants are not to recover costs.