[Civ. No. 6478. First Appellate District, Division One.—February 26, 1929.]

J. A. GOTTLIEB et al., Respondents, v. TAIT'S INCORPORATED (a Corporation), Appellant.

Brownstone & Goodman for Appellant.

Hugh K. McKevitt for Respondents.

THE COURT.—An appeal by the defendant corporation from a judgment entered for the plaintiffs in an action, to recover the balance of the agreed price of a garbage incinerator and chimney purchased by the defendant and erected at its place of business in Oakland, California, together with the costs of erecting a second chimney in connection with the same incinerator.

On April 22, 1927, the plaintiffs agreed in writing to install the incinerator mentioned for $1,080, and in connection therewith to erect a 12-inch brick chimney lined with firebrick for $500, a total cost of $1,580, which the defendant agreed to pay in installments as follows: $500 upon completion and $100 per month thereafter until paid.

According to the plaintiffs the conditions found to exist at defendant's place of business after the contract was made were thought to render impracticable the erection of a chimney of the kind or at the place therein previously contemplated by the parties. It was therefore agreed that the location of the incinerator should be changed, and a chimney of a different type from that described in the contract erected, which was accordingly done. The chimney erected was of brick from the basement to the first floor of the build-

ing, and from thence to the roof a patent chimney with asbestos filling and terra cotta lining was used, from the top of which projected a 12-inch galvanized pipe extension, this chimney being some sixty feet higher than the one originally planned. Some time during the following July a fire, which caused considerable damage, originated from the chimney at a point on the third floor of the building. It was then determined that a new chimney should be erected. According to the plaintiffs they agreed, in consideration of the present payment of the whole of the balance unpaid under the contract and the cost of the new chimney, to erect the same; and the defendant having accepted this proposal, the work was accordingly done. The defendant claimed that the old chimney was defective and that the new one was to have been erected free of cost to it; that the plaintiffs warranted the incinerator and the chimney originally erected to be properly constructed and fit for burning the garbage and refuse from defendant's restaurant, but that the same were wholly unfit for such use; that defects in the first chimney caused the fire, and that the incinerator, due to faulty construction, finally collapsed. Defendant sought to recover the amount paid thereon, together with damages for the alleged breach of warranty.

The court found for the plaintiffs and against the above allegations of the defendant's answer and counterclaim.

 Plaintiffs contended that the fire was due to the operation of the incinerator with the dampers open, contrary to instructions, this causing an excessive amount of heat in the chimney. It appears from testimony adduced by defendant that the incinerator was used until January 1, 1928; that a few months before that date cracks appeared in the incinerator, and the top of the same became warped, making its further use hazardous. Whether this condition was caused by defects in construction or the manner of use different conclusions might be drawn, and we cannot say that those of the trial court were unreasonable.

 The defendant contends that parol evidence of the second agreement which the plaintiffs claim was made between the parties was incompetent. While the original contract, which was in writing, could only be altered by an agreement in writing or an executed oral agreement (Civ. Code, sec. 1698), here the evidence shows the substitution

of a new agreement whereby, in consideration of the erection of a new chimney—which, according to the contention of the plaintiffs, they were not obligated under the original agreement or otherwise to erect—the defendant promised to pay the cost of the new chimney and also the balance unpaid of the price of the incinerator and the patent chimney. Under such circumstances the evidence was admissible, and was sufficient to establish a new contract supported by an adequate consideration, which the parties intended should be substituted for their original contract to the extent that the latter remained unperformed (*Pearsall* v. *Henry*, 153 Cal. 314 [95 Pac. 154, 159]; *Credit Clearance Bureau* v. *George A. Hochbann etc. Co.*, 25 Cal. App. 546 [144 Pac. 315]).

No error is shown which would justify a reversal of the judgment, nor can we say from the evidence that the findings are unsupported.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1929.

All the Justices present concurred.