[Sac. No. 4777. In Bank.—February 27, 1934.]

M. B. WOOD, Respondent, v. E. K. NELSON et al., Defendants; GEORGE COVELL, Appellant.

Edwin V. McKenzie, Arthur J. Carlson and Frank J. Mahoney for Appellant.

Thomas Butler for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff in an action to foreclose a mechanic's lien.

The claim grew out of the construction of the Covell Hotel in Modesto. The plaintiff was employed by the general contractor to furnish the labor and materials to complete the mason work on the structure. The building was completed and accepted. No question is raised as to the due filing of the claim of lien.

The plaintiff based his right to recover upon a written contract between him and the defendant, Nelson, the general contractor, calling for a contract price of $7,000, and upon an oral modification of the written contract pursuant to which he alleged sums due aggregating $3,951.25. Payment on the foregoing sums to the extent of $7,964.82 was also alleged. The balance of $2,986.43, together with a filing fee of $1.80, was claimed to be due, owing and unpaid and to be a lien on the real property involved.

The trial court found the existence of the written contract. It also found that when the work had progressed to a certain point, the plaintiff and the defendant Nelson entered into an oral agreement for a modification of the written con-

tract; that the modification agreement called for changes in the thickness of the walls and the materials to be used, and for changes in the method of fireproofing and reinforcing, and provided for payment to the plaintiff, in addition to the contract price, of the reasonable value of additional materials used and labor performed, plus ten per cent thereof for superintending the work. The plaintiff had judgment for the amount alleged to be due. The judgment provides for a sale of the premises and if the proceeds be insufficient to satisfy the claim for judgment against the defendants, E. K. Nelson, the general contractor, George Covell, the owner, and Southern Surety Company of New York, the surety on the contractor's bond. The defendant, George Covell, alone appealed from the judgment.

The main contention on the appeal is that the evidence does not warrant the finding that there was a modification of the original agreement providing for a contract price of $7,000. It is the appellant's contention that the changes referred to by the plaintiff were contemplated in the negotiations preceding the execution of the written contract. There was testimony of what were the conversations between the plaintiff and the general contractor prior to the execution of the written contract, and to the effect that certain requirements were to be changed or omitted. The appellant contends that inasmuch as the plaintiff nevertheless entered into the written contract to be bound by the general plans and specifications, such conversations cannot constitute evidence of any modification of the written contract. It is further contended that any materials or labor furnished in addition to what was called for by the written contract were extras furnished without the required written order of the owner and architect. There was also testimony of conversations had between the plaintiff and the general contractor subsequent to the commencement of the work relating to certain necessary changes. On the whole record we cannot say that the finding of the court is without support in the evidence. Whether the conversations between the parties to the contract, taken as a whole, amounted to no more than an agreement to furnish extras, or resulted in an agreement of modification of the written contract, and what that modification agreement was, were primarily questions of fact for the court, and on the record presented the conclusion reached by

it cannot be disturbed; nor can it be said that the amount remaining unpaid is not as found and decreed by the court.

The only other question is whether the plaintiff was entitled to a personal judgment against the appellant for any deficiency. The court found that the contract with Nelson, the general contractor, and the contractor's bond were duly filed for record. In the complaint it was alleged that the plaintiff caused a stop notice to be served upon the owner at a time when $10,500 of the contract price was due and payable to the general contractor. The defendant Covell, by his answer, admitted the service of the stop notice, and admitted the retention of $12,500 of the contract price which he offered to deposit in court. The court found the fact of service of the stop notice and that at the time of trial there was due to the defendant Nelson from the owner the sum of $10,500 of the contract price, which the defendant Covell then held and retained. The judgment for any deficiency against the appellant is based upon this finding and is to be construed as being addressed to and limited by the amount of the fund retained by him, and is a proper judgment against the appellant to that extent. (*Builders' Supply Depot* v. *O'Connor*, 150 Cal. 265 [88 Pac. 982, 119 Am. St. Rep. 193, 11 Ann. Cas. 712, 17 L. R. A. (N. S.) 909]; see *Roberts* v. *Security T. & S. Bank*, 196 Cal. 557, 573, 574 [238 Pac. 673]; 17 Cal. Jur., p. 43 et seq.)

The judgment is affirmed.

Seawell, J., Thompson, J., Curtis, J., Preston, J., and Waste, C. J., concurred.