[S. F. No. 14799. In Bank.—July 11, 1934.]

H. P. STOLTENBERG, Respondent, v. JOE HARVESTON et al., Appellants.

M. M. Getz and George D. Collins, Jr., for Appellants.

Dunn, White & Aiken and Hamilton Wright for Respondent.

CURTIS, J.—Action for unlawful detainer by the landlord against tenants holding over after default in the payment of rent. The defense to the action was that the landlord orally reduced the rent from $675 per month to $300. This latter sum was paid monthly by the lessees from the date of the lease to and including April 1, 1932. As the rent was payable in advance, the payment on April 1, 1932, covered the whole month of April. On May 7th following, the landlord served notice on the tenants that the rent of said premises for the month of May, 1932, amounting to $675, due May 1, 1932, under the terms of the lease had not been paid, and that the tenants were required to pay the same within three days after service of notice or deliver up possession of the premises. A trial was had, and judgment was rendered for the plaintiff for possession of the premises. Defendants have appealed on the judgment-roll.

The principal points made on appeal are: (1) That the

written lease fixing the monthly rental at $675 was altered and modified by an oral agreement to accept $300 per month as rent of said premises and the actual acceptance of said sum, and (2) no cause of action was stated in the complaint as the allegations of the complaint show that the notice to pay rent or surrender possession of the premises was prematurely given.

Taking these points up in the order of their statement, it is apparent that the first question presented is whether the written lease to pay a monthly rent of $675 per month may be modified by an oral agreement to accept the sum of $300 per month. By section 1698 of the Civil Code it is provided that, "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." In so far as the payments of rent made under the oral agreement of the parties are concerned, there can be no question that as to those payments actually made and accepted as rent in full for the period covered by them, the oral agreement reducing the rent was executed and no claim for the recovery of rent during the period covered by said payments can be maintained. (*Julian* v. *Gold,* 214 Cal. 74 [3 Pac. (2d) 1009].) As to the monthly payments of rent due under said lease and not actually paid by the lessees, a different rule governs. As to such payments the oral agreement to accept amounts less than those called for in the written lease had not been executed. In the case of *Klein Norton Co.* v. *Cohen,* 107 Cal. App. 325, 330 [290 Pac. 613], it was held that, "an agreement, in order to be executed, must be fully performed on both sides". It is further stated in this opinion that, "This principle is strictly enforced when an attempt is made to set up a modification of a written contract by an oral one under section 1698 of the Civil Code." In this present action the agreement to accept $300 as rent for the month of May, 1932, was in fact not performed by both parties to said agreement. The court found that the tenants tendered the sum of $300 to the landlord in payment of the May rent, but it was refused by the latter. Until the amount had been accepted by the landlord as rent for the month for which it was tendered, it could not be said that this oral agreement to lower the rent had been performed by the landlord, and

until it was so performed by him he was not bound by its terms. This point was definitely decided by this court in the case of *Sinnige* v. *Oswald,* 170 Cal. 55, 57 [148 Pac. 203], where it was held that ''Concessions of the kind that were shown by the defendants, when supported by a consideration, are valid to the extent that a lower rent has been tendered and accepted, as satisfaction in full of the instalments thus paid. They are not sufficient to establish a change in the written contract so as to affect the amount of future instalments of rent where no such change of terms has been made in writing.'' While it was held by this court in our opinion in *Julian* v. *Gold, supra,* that the reference in the above statement that a consideration was necessary to support such an oral agreement was purely *obiter,* no exception was taken to any other point decided in that case. It is in line with other decisions in this state on the same subject (*Estate of McDougal,* 146 Cal. 196, 199 [79 Pac. 875]; *Dodge* v. *Chapman,* 42 Cal. App. 612, 614 [183 Pac. 966]; *James Eva Estate* v. *The Mecca Co.,* 40 Cal. App. 515, 519 [181 Pac. 415]), and we think correctly enunciates the law governing such cases.

The second point relied upon by appellants arises out of the following state of facts: The written lease of said premises provides for the payment of the rent monthly in advance on the first day of each month. It further provides that, ''No default shall be declared by reason of any provision herein for failure to pay rent upon the day herein specified until five (5) days have elapsed after the same may have become due and payable, and permission is hereby granted the lessees to pay the same at any time within the five (5) days after the same may have become due and payable hereunder.'' No rent having been paid by the defendants herein on May 1, 1932, the day when a monthly payment of rent became ''due and payable'', or at any time thereafter, the plaintiff on May 7th following, served written notice upon the defendants that said rent had not been paid, and required the defendants to pay said rent within three days after the service of said notice, or deliver up possession of the said premises within said three days. Defendants' claim that the notice of default was given prematurely rests upon the fact that May 1, 1932, was Sunday and therefore

a holiday, and they, therefore, contend that as the rent was due and payable on May 1st, they had under section 13 of the Code of Civil Procedure all of the next day in which to make said payment, and therefore the five-day period mentioned in the lease did not begin to run until this next day, which would be May 2d, and it would not end until May 7th, and that defendants had the whole of said last-mentioned day in which to make said payment. The notice, therefore, which was served on May 7th while defendants were not in default, they contend, was served one day too soon. The fundamental error of defendants is in their assumption that they were required under the lease to pay the rent on May 1st. While the lease provides in effect that the rent shall become due and payable on the first day of each month of said term, it is further provided, as we have seen under the clause of the lease above quoted, that the lessees may pay the rent at any time within five days after it becomes due and payable, which undoubtedly means within five days after the first of the month. We understand defendants concede this to be the meaning of this provision of the lease. This being so, the lessees (the defendants) were not required to pay the rent or to perform any other act whatever on May 1st, a holiday. Therefore, the provisions of section 13 of the Code of Civil Procedure providing that any act of a secular nature appointed by law or contract to be performed on a holiday may be performed on the following day has no application for the reason that under the facts in this case no such act was appointed to be performed on a holiday. ██ The first day the defendants were under any legal obligation to pay the May rent was May 6th, five days after the nominal day of payment. May 6th was not Sunday, or a holiday for any other purpose. May 6th was also the last day fixed by the lease for the payment of said rent for that month. Not having been paid on that day, the defendants, for failure to pay the same, were in default under the terms of the lease. The notice of such default given by the landlord on the day following was not premature, but in all respects conformed to the terms of the lease and the law applicable thereto. The complaint setting forth these facts therefore stated a good cause of action against the said defendants.

Other points were made by the defendants in their briefs filed herein, but they are so unsubstantial that a discussion of them would serve no useful purpose.

Judgment is affirmed.

Preston, J., Langdon, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.