[Civ. No. 10975. First Appellate District, Division Two.—April 27, 1939.]

WM. BATTAGLIA, Respondent, v. WINCHESTER DRIED FRUIT COMPANY (a Corporation), Appellant.

Jensen & Holstein and Robert M. Holstein for Appellant.

Louis Oneal and Duncan Oneal for Respondent.

NOURSE, P. J.—Plaintiff sued upon two written contracts for the sale and purchase of prunes. Both contracts called for the delivery by plaintiff to defendant of specified quantities and qualities of prunes—the one expiring October 31, 1936, the other December 31, 1936. Portions of the items specified were delivered and accepted within the life of the respective contracts, but other portions were not tendered until March 5, 1937. The defendant then refused to accept delivery, and plaintiff sold on the open market. He had

judgment for the difference between the contract price and the price received at the sale.

The cause was dismissed as to the individual defendants, and the corporation defendant appeals on the judgment roll. The single question presented is whether the time for performance of a written contract can be extended by an unexecuted oral agreement. The trial court's judgment was based upon this finding: ''That said items were not delivered or accepted during the time specified in said contracts due to a mutual oral understanding between the said plaintiff and the said defendant that the time for performance would be extended until after the expiration of the dock strike at San Francisco, which dock strike expired on or about the 5th day of February, 1937, and that after the expiration of said strike the defendant refused to accept said goods and items above specified.''

█ Section 1698 of the Civil Code, as amended in 1874 reads: ''A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise.'' In a case based upon almost identical facts it was held that this section rendered void an oral agreement to extend the time of delivery under such a written contract. (*Morton* v. *Albers Bros. Milling Co.,* 66 Cal. App. 391, 397 [226 Pac. 809].) In support of the ruling *Henehan* v. *Hart,* 127 Cal. 656, 658 [60 Pac. 426], was cited. In that case the Supreme Court said: ''In the original section of the Civil Code, in effect January 1, 1873, it contained the words: 'Except as to the time of performance, which may be extended by any form of agreement.' The section was amended March 30, 1874, by dropping the quoted clause, and after the amendment went into effect, July 1, 1874, the section has continued as at present. We think the amendment was a necessary and wise one. It prevents the solemn written contracts, which the parties have made certain, from being tampered with, annulled, set aside, or extended by the oral evidence of interested parties. The section as amended lays down a valuable and salutary rule in regard to written instruments.''

█ Respondent asks for an exception to this settled rule on the theory that the oral extension was a waiver of the express terms of the contract which were inserted for the sole benefit of the appellant. This issue was not presented by pleading or proof and for that reason no finding was made

on it. To sustain the judgment on this ground it would be necessary to hold, as a matter of law, that a provision in a written contract fixing the time of delivery of farm produce, where payment is to be made on delivery, is a provision inserted for the sole benefit of the purchaser. This we cannot do.

■ It is suggested in support of the judgment that the oral contract might have been a novation, but sections 1530 and 1531 of the Civil Code demonstrate that none of the essential features of a novation are present.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.