[Civ. No. 2296. Fourth Appellate District.—June 18, 1940.]

MAE TAYLOR, Appellant, v. ARTHUR TAYLOR, Respondent.

Goudge, Robinson & Hughes for Appellant.

J. W. Heard, Jr., for Respondent.

MARKS, J.—This is an appeal from a judgment denying plaintiff recovery of any part of $4,173.81, alleged to be due her under a property settlement agreement and decreeing that the contract had been modified by agreement of the parties.

Plaintiff and defendant were formerly husband and wife. Plaintiff secured an interlocutory decree of divorce on May 31, 1923, and a final decree on September 30, 1924.

Under date of February 9, 1922, the parties entered into the property settlement in question here. It provided that community real property, a ten-acre orange grove in Kern County and business and apartment house property on Thirty-first Street in Los Angeles, should thereafter belong to the parties as joint tenants with the right of survivorship. It contained the following:

"IT IS FURTHER understood and agreed between the parties that the party of the first part (Arthur Taylor) shall have the management of the said real property, and annually, or oftener if necessary, will make a full and complete statement to the party of the second part (Mae Taylor) of the income from said property, and divide the net proceeds from the income thereto, equally between the said party of the second part and the said party of the first part, and, pending such settlement, will advance to her monthly, the sum of one hundred dollars ($100), and at the time of accounting, pay over to said second party any overplus, after paying said one hundred dollars ($100) per month. And, should the said property in any year not produce sufficient income to make up the one hundred dollars ($100) per month advanced by the party of the first part to the party of the second part, the party of the first part shall have the right to reimburse himself out of the income of any year in which said property does net a sufficient sum so to do."

Under date of September 20, 1922, the parties entered into a second contract which is of interest only because of its bearing on their relations and their conduct under the first

contract. It recites that they owned described property in Glendale as joint tenants with the right of survivorship; that it was desired that plaintiff have a home for herself and her son; that Arthur Taylor leases the property and the furniture in it to her for the rest of her life; that Mae Taylor shall pay all taxes and assessments on the property and interest on the mortgage on it; that she at her own cost shall renew the mortgage from time to time, when necessary. It is probable that the mortgage on this property was foreclosed in 1937.

Plaintiff sought recovery of $4,173.81 which she claimed was due and unpaid under the terms of the property settlement, which sum she alleged had accrued between May 8, 1934, and October 1, 1937. Defendant denied owing plaintiff anything and asserted that the property settlement between them had been "fully changed and modified, wherein and whereby said parties did agree amongst themselves that in consideration of defendant allowing plaintiff to manage said Los Angeles properties plaintiff did release defendant from any obligation to advance plaintiff any monthly sums provided and/or attempted to be provided in said agreement, and that said parties to said agreement, the parties hereto, have ever since acted and relief upon said modification".

The trial court found that the contract had been modified by mutual agreement of the parties and that defendant owed plaintiff nothing. The effect of the judgment is to terminate any right in the plaintiff to demand any future advancements from defendant and to limit her payments from him to one-half of the net income from the two properties. It is admitted that there is no written agreement modifying or changing the property settlement.

It is admitted that the parties did not conform to the exact terms of the property settlement except for a relatively short time, if at all. For several years the income from the properties was considerable and defendant paid plaintiff money at such times and in such amounts as she requested. By 1932 the financial conditions had changed and the income from the properties had been greatly reduced. The Thirty-first Street property was vacant and plaintiff moved from her Glendale home into it. The Glendale property was rented and plaintiff succeeded in renting the portions of the Thirty-first Street property she did not occupy. However, the rentals were not regular and were varied in amounts.

Plaintiff had the management of the Glendale and Thirty-first Street properties, and defendant continued the management of the orange grove. No regular payments were made to plaintiff. She received the income from the Glendale and Thirty-first Street properties and paid some of their taxes and upkeep, rendering annual statements to defendant. Defendant collected the income and paid the taxes and expenses of the orange grove and some of the expenses on the other properties. He rendered annual statements to plaintiff showing the total income, taxes and expenses of all of the properties. The statements were a combination of the accounts rendered to him and his own accounts kept in connection with the orange grove. Prior to and after 1932, defendant regularly rendered annual statements to plaintiff. Plaintiff received them and made no objection to any of them until a few months before this action was filed in February, 1938. For several years prior to that date plaintiff had received less than $100 per month, though she had more than one-half of the net income from the properties.

The arguments of plaintiff which we need to consider may be grouped under two headings: (1) That the evidence is insufficient to support the conclusions that there was any agreement to reduce the amounts of the advancements to which she was entitled under the contract, or that the income received by her was paid and accepted in full satisfaction of her claims on defendant. (2) That as there was no agreement in writing modifying the written contract under which she claims, there could be no modification of it as to future payments falling due under it.

The contentions of the parties are settled by the cases of *Julian* v. *Gold*, 214 Cal. 74 [3 Pac. (2d) 1009], and *Sinnige* v. *Oswald*, 170 Cal. 55 [148 Pac. 203]. Both cases involved actions by landlords brought under the terms of written leases where the owners had accepted less rentals than the leases specified and later brought suits for the unpaid instalments.

It is now settled by these cases that where the tenant tenders, and the landlord accepts, as full payment of the rent, a less monthly rental than that reserved in the lease, he cannot later recover the unpaid balance of the rent reserved. This rule should be applied here. For a number of years the parties divided the net income between them. Even

though the division was not equal, they rendered written accounts, one to the other. During these years no objections were made to this division of the income and to the accounts rendered. Under these facts the trial court was justified in drawing the conclusion that the payments received by plaintiff were in full satisfaction of her claims on defendant for the payments specified in the contract. These facts bring the case within the rule anounced in *Julian* v. *Gold, supra,* as follows:

"We therefore conclude that in so far as said lease contract has been fully executed, the plaintiffs have lost their right to recover the sums allowed as rebates on the several instalments of rent. We reach this same conclusion upon a well-known rule of waiver set up by section 2076 of the Code of Civil Procedure, which reads as follows: 'The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards.'

"Under this section, if the lessor was unwilling to accept the amount tendered as in full, he could have protested then, but his acceptance, as in full payment, of a lesser sum than that due, brings him within the rule of estoppel declared by the above section. (*Smiley* v. *Read,* 163 Cal. 644, 647 [126 Pac. 486].)"

A different situation is presented as to the future payments that might accrue under the contract. It was not modified in writing. A written contract can only be modified by a contract in writing or by an executed oral agreement. (Sec. 1698, Civil Code.) An agreement affecting an obligation coming due in the future ordinarily cannot be executed until that obligation becomes due. Therefore, the facts before us are not sufficient to support the findings and judgment declaring a modification of the written contract as to future payments under it. (*Sinnige* v. *Oswald, supra; Estate of McDougald,* 146 Cal. 196 [79 Pac. 875].)

Defendant tacitly admits the correctness of this conclusion by urging that the judgment can be affirmed on the ground that the evidence shows a mutual rescission or aban-

donment by the parties of the terms of the property settlement. This argument is sufficiently answered by observing that rescission or abandonment was neither pleaded nor found by the trial court. Under the evidence here such an issue should be settled in the trial court in an appropriate action and not on appeal in this case where it was not an issue.

Finally, defendant argues that the judgment should be affirmed because the contract does not contain any promise on his part to pay plaintiff any monthly instalment but only to advance her $100 per month to be repaid to him out of the income from the properties when sufficient to permit this to be done. The provision that he advance $100 per month is equivalent to his agreement to pay her that sum. Because he may be able to repay to himself these advancements out of future income does not change defendant's agreement to make the advancements.

The judgment is reversed with instructions to the trial court to strike from the findings of fact and conclusions of law all references to a modification of the contract of February 9, 1922, and to enter judgment for defendant that plaintiff take nothing by her suit. Plaintiff will recover her costs of appeal.

Barnard, P. J., and Griffin, J., concurred.