[L. A. No. 22258. In Bank. Aug. 5, 1952.]

D. L. GODBEY & SONS CONSTRUCTION COMPANY (a Corporation), Appellant, v. BEN C. DEANE et al., Respondents.

Glen Byhymer and Lewis M. Andrews for Appellant.

Edmond Gattone for Respondents.

Gardiner Johnson, Thos. E. Stanton, Jr., and John A. Sproul, as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—Plaintiff has appealed from a judgment for defendants entered after a demurrer to its fourth amended complaint was sustained without leave to amend.

Plaintiff alleged that it entered into a written contract to perform the cement work for a building that defendants were erecting. Under the terms of the written contract the cement work for the foundation walls and retaining walls was to be paid for at the rate of $0.76 per cubic foot, and the basis of the payment was to be determined by the actual measurement of forms. Plaintiff further alleged, "That thereafter, and prior to the commencement of the performance of said work, a conference was held between plaintiff and the defendants, at which it was orally agreed and mutually stated, each to the other, that the phrase, '(3) TERMS OF PAYMENT: Basis of payment to be determined by actual measurement of forms' was ambiguous and, furthermore, that it did not provide for the method of computing cubic concrete work not contained within the forms, and the defendants then and there, in exchange for their mutual covenants and agreements in that respect, and for the purpose of eliminating possible future dispute between the parties to said contract, and in order to provide for that portion of the concrete that under the plans was required to be poured outside of forms (and which ultimately was actually poured outside of forms) orally expanded and clarified said written agreement by entering into an understanding that, in order to properly arrive at the amount of cubic concrete work in foundation and retaining walls and footings upon said jobsite, whether poured within or outside of forms, the parties to said contract would

calculate the amount of cubic yards of concrete actually poured, whether within forms or outside of forms, and, with respect to such classes of work only (to wit: cubic concrete work in foundations and retaining walls and footings), at the contract price of 76 cents per cubic foot, or $20.52 per cubic yard, less a deduction therefrom of the usual and customary allowance for normal shrinkage and wastage [of 3½ per cent], and that, in order to implement said agreement and understanding, the plaintiff would furnish to the defendants each day during the performance of said contract, copies of delivery tickets, a copy of each delivery ticket to accompany the delivery of each consignment of concrete delivered on the jobsite, such delivery tickets to show the actual cubic yards of concrete poured on the jobsite each day and until the full performance of the contract.''

Plaintiff also alleged that it had performed the contract as modified and supplied the required daily reports of deliveries and that under the terms of the contract as modified there remained due and owing the sum of $12,182.99 out of a total of $86,830.93.

Defendants contend that the alleged modification of the written contract is invalid because of lack of consideration and because it was not in writing, and that accordingly, the complaint is fatally defective in failing to alleged that any sum is due and unpaid under the terms of the written contract.

It is unnecessary to pass upon the conflicting contentions of the parties as to whether the alleged resolution of an ambiguity in the terms of the written contract would constitute sufficient consideration for the oral agreement in this case. Under the terms of the modification the method of computing the quantity of concrete was changed, and the amount actually poured on the jobsite was substituted for an amount to be determined by the measurement of the forms. If this modification had been made in writing, it is clear that it would have been a valid contract supported by adequate consideration. ▮ Since the modification was made before performance was started, the substitution of the new rights and duties based upon the new method of measurement was adequate consideration for the relinquishment of the reciprocal rights of the parties under the old. (*Fleming* v. *Law,* 163 Cal. 227, 233 [124 P. 1018]; *Gottlieb* v. *Tait's Inc.,* 97 Cal. App. 235, 237-238 [275 P. 446]; *Sass* v. *Hank,* 108 Cal.App.2d 207, 215 [238 P.2d 652].) Moreover, plaintiff promised to

provide daily reports, and both parties were relieved of the necessity of computing the volume of the forms from linear measurements.

Section 1698 of the Civil Code provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." Section 1661 provides: "An executed contract is one, the object of which is fully performed. All others are executory." Defendants contend that under these provisions the oral modification was invalid because it was not executed. Plaintiff contends, on the other hand, that in the case of building contracts an oral modification is fully executed when the work has been completed in accordance with its terms whether or not the agreed price has been paid.

Section 1698 has a dual operation. On the one hand it invalidates oral contracts of modification that are unexecuted, and on the other hand, it validates executed agreements that might otherwise fail for lack of consideration. (*Julian* v. *Gold,* 214 Cal. 74, 76 [3 P.2d 1009].) Typical of the latter category are agreements to accept less than is due under the terms of a written contract (*Julian* v. *Gold, supra* [reduced rent]; *Sinnige* v. *Oswald,* 170 Cal. 55, 57 [148 P. 203] [same]; *Taylor* v. *Taylor,* 39 Cal.App.2d 518, 522 [103 P.2d 575] [reduced monthly payments under a property settlement agreement]), or to accept performance at a later date than that provided in the writing. (*Harloe* v. *Lambie,* 132 Cal. 133, 136 [64 P. 88]; *Henehan* v. *Hart,* 127 Cal. 656, 657-658 [60 P. 426].) Since in such cases the modification agreement requires no additional act or forbearance on the part of the obligor, it can only be executed to the extent that the obligee accepts performance in accordance with its terms. Accordingly, in the absence of a valid waiver of a condition (*Knarston* v. *Manhattan Life Ins. Co.,* 140 Cal. 57, 62-64 [73 P. 740]; *Panno* v. *Russo,* 82 Cal.App.2d 408, 412 [186 P.2d 452]; *Bardeen* v. *Commander Oil Co.,* 40 Cal. App.2d 341, 347 [104 P.2d 875]), or facts establishing an estoppel to rely upon section 1698 (*Wilson* v. *Bailey,* 8 Cal. 2d 416, 421-422 [65 P.2d 770]; *Panno* v. *Russo, supra*), the section may only be satisfied by execution on the part of the obligee by accepting les than his due. (*Stolttenberg* v. *Harveston,* 1 Cal.2d 264, 266 [34 P.2d 472]; *Henehan* v. *Hart,* 127 Cal. 656, 657-658 [60 P. 426]; *Stafford* v. *Clinard,* 87 Cal.App.2d 480, 481 [197 P.2d 84]; *Battaglia* v. *Winchester*

*Dried Fruit Co.*, 32 Cal.App.2d 436, 437 [90 P.2d 111] ; *Harvey* v. *DeGarmo*, 129 Cal.App. 487, 492-493 [18 P.2d 971] ; *Middlecamp* v. *Zumwalt*, 100 Cal.App. 715, 722-725 [280 P. 1003].)

The situation is different, however, where there is consideration for the oral modification agreement. In such cases the rights and duties of both parties to the written contract are affected, and by performing the contract as modified each party will be in a position to execute the oral agreement on his side. It is necessary to determine, therefore, whether in such cases execution by one party is sufficient to allow him to enforce the modification against the other. The language of the cases is in conflict. It has been stated that an oral agreement to be executed within the meaning of section 1698 must be fully performed on both sides. (*Pearsall* v. *Henry*, 153 Cal. 314, 325 [95 P. 154, 159] ; *Klein Norton Co.* v. *Cohen*, 107 Cal.App. 325, 330 [290 P. 613] ; *Walther* v. *Occidental Life Ins. Co.*, 40 Cal.App.2d 160, 166 [104 P.2d 551] ; *Keeler* v. *Murphy*, 117 Cal.App. 386, 390 [3 P.2d 950] ; *Stoltenberg* v. *Harveston*, 1 Cal.2d 264, 266 [34 P.2d 472] ; *Hervey* v. *DeGarmo*, 129 Cal.App. 487, 492-493 [18 P.2d 971].) In the Pearsall and Klein Norton cases it was held, however, that there had been a valid oral abrogation of the written contract followed by a substitution of an enforceable oral contract. In the Keeler and Walther cases it was held that plaintiff had not performed the alleged oral agreement, and in the Stoltenberg and Harvey cases there was no consideration for the modification. On the other hand, in cases in which there was adequate consideration for the oral modification, and in which the party relying thereon had fully performed, the contract has been enforced as modified whether or not the other party had performed on his part. (*Wood* v. *Nelson*, 220 Cal. 139, 141 [29 P.2d 854] ; *Katz* v. *Bedford*, 77 Cal. 319, 323 [19 P. 523, 1 L.R.A. 826] ; *Roberts* v. *Wachter*, 104 Cal.App.2d 271, 280 [231 P.2d 534] ; *Nuttman* v. *Chais*, 101 Cal.App.2d 476, 478 [225 P.2d 660] ; *Lacy Mfg. Co.* v. *Gold Crown Mining Co.*, 52 Cal.App.2d 568, 578 [126 P.2d 644] ; *Oatman* v. *Eddy*, 4 Cal.App. 58, 60 [87 P. 210] ; see, also, *Anderson* v. *Johnston*, 120 Cal. 657, 659 [53 P. 264] ; *Stockton Combined H. & Agr. Wks.* v. *Glens Falls Ins. Co.*, 121 Cal. 167, 175 [53 P. 565] ; *State F. Co.* v. *Hershel Calif. F. P. Co.*, 8 Cal.App.2d 524, 529 [47 P.2d 821].) Since plaintiff has alleged an adequate consideration for the oral modifica-

tion and full performance on its part under the terms thereof, it has stated a cause of action.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., and Carter, J., concurred.

SCHAUER, J.—I dissent. The majority of this court, by a process disguised as statutory construction, strike the word "executed" from section 1698 of the Civil Code and invite fraudulent minded persons to perpetrate, and be rewarded for, fraudulent schemes unhampered longer by rules which for centuries the accumulated wisdom of mankind had deemed desirable.

The majority opinion is one further step in the court-erosion of salutary code provisions of this state which embody long-standing rules of Anglo-American law designed to prevent successful fraud and perjury. Provisions which have this purpose include the present rule (Civ. Code, § 1698), the statute of frauds (Civ. Code, §§ 1624, 1624a, 1724), and the aspect of the parol evidence rule (Civ. Code, § 1625) which would exclude extrinsic evidence of negotiations which preceded or accompanied execution of an integrated writing to vary the terms of that writing. The latter rule was refused application by the majority of this court in *Simmons* v. *California Institute of Technology* (1949), 34 Cal.2d 264, 274 [209 P.2d 581] (see dissenting opinion, pp. 290-292).

Now the majority turn their attention to section 1698 and, instead of accepting the clear import of the language (and the frequently stated holding) that "an executed oral agreement" means one which has been fully performed (see cases cited (*ante,* p. 433 [246 P.2d 948] of majority opinion; *Fuller* v. *Mann* (1932), 119 Cal.App. 568, 573 [6 P.2d 999]; *Taylor* v. *Taylor* (1940), 39 Cal.App.2d 518, 522 [103 P.2d 575]), they announce that a written agreement can be modified by an oral agreement which has been performed only by the party who seeks enforcement of the modifying agreement. The two decisions of this court which the majority cite (*ante,* p. 433 [246 P.2d 948], as permitting such enforcement do so without discussion of the reason for the rule, and without mention of section 1698 (*Katz* v. *Bedford* (1888), 77 Cal. 319, 323 [19 P. 523, 1 L.R.A. 826]; *Wood* v. *Nelson* (1934), 220 Cal. 139, 141 [29 P.2d 854]). The cases cited by the majority which characterize an agreement per-

formed by plaintiff alone as "executed" ignore plain statutory language. Section 1661 of the Civil Code provides that "An executed contract is one, the object of which is fully performed." The object of an oral modifying agreement is to modify the prior agreement, and this object is not fully performed until the modifying agreement has been performed on both sides.

Writers upon the subject of parol modification of written contracts have recognized that in California by statute such modification can be accomplished only by a parol agreement fully performed on both sides (see 17 C.J.S., Contracts, § 377, p. 866; 4 Cal.Jur. 10-Yr.Supp. (1943 Rev.), Contracts, § 226, p. 162; 2 Rest., Contracts, § 407, Cal. Annotations (1933)). That this has been the California rule has been recognized even by writers who assume to characterize section 1698 as "bad" (6 Corbin, Contracts (1951), § 1316, p. 233) or "unfortunate" (6 Williston, Contracts (rev. ed.), § 1828, p. 5179).

As I have already indicated, in accord with the great weight of authority, reflecting the accumulated wisdom of centuries of striving for justice under law, I do not believe that the statute, aptly designed to prevent fraud, is "bad" or "unfortunate." The reason for rules such as that of section 1698, and of the statute of frauds and the parol evidence rule, was well stated at least as long ago as 1604, in *The Countess of Rutland's Case*, (Trin. 2 Jac. 1) 5 Co.Rep. 25b, 26a-26b, 77 Eng.Rep. 89, 90: "[I]t would be inconvenient, that matters in writing made by advice and on consideration, and which finally import the certain truth of the agreement of the parties should be controlled by averment of the parties to be proved by the uncertain testimony of slippery memory. And it would be dangerous to purchasers and farmers, and all others in such cases, if such nude averments against matter in writing should be admitted." The reason is applicable here. A party to a written agreement should not be able, by rendering either a different performance from, or as here precisely the same as, that called for by the agreement and averring that such performance was rendered pursuant to an oral modification of the agreement, to require of the other party a performance different from that which the latter promised in writing.

The precise holding of the majority here can be graphically illustrated by applying it to these more simple, but legally exactly parallel, facts: Seller agrees in writing to sell and deliver, and Buyer likewise agrees to accept and purchase,

1,000 short tons of steel a month for 12 months for a price of $110 a ton. Twelve thousand tons of steel are delivered. By today's decision, at the end of the year the door is wide open, and the court invites, fraudulent minded Mr. Seller to sue and recover twice the agreed selling price through the simple expedient of alleging that there was an oral modifying agreement, made subsequent to the signing and delivery of the written contract but before delivery of the steel, that solely for purposes of computing the price to be paid a ton should be considered as consisting of 1,000 pounds; this court, consistently with its majority decision today, must uphold Seller in his argument that the oral agreement is executed in that Seller has fully performed by delivering the steel as agreed.

In compliance with long-established law the judgment should be affirmed.

Respondents' petition for a rehearing was denied September 4, 1952. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.